UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

PHILLIPS PETROLEUM COMPANY,       )
a Delaware corporation,           )
                                  )
                Plaintiff,        )
vs.                               )          No.  04 CV 472-TCK (FHM)
                                  )
DAVIS OIL CORPORATION,            )
an Oklahoma corporation           )
                                  )
                Defendant.        )

## ORDER

Now before this Court is Defendant's Motion to Dismiss Due to Lack of Diversity (Dkt. No.

18).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), Title 28 of the United States Code

Section 1332, and Local Civil Rules 7.1 and 7.2, Defendant moves to dismiss this action because

diversity of the parties does not exist.

### Background

On August 30, 2002, Phillips Petroleum Company ("Phillips") and Conoco, Inc. ("Conoco")

combined in a transaction in which ConocoPhillips became the parent corporation of and owner of

all outstanding common stock of Phillips and Conoco.  On December 31, 2002, Phillips changed its

name to ConocoPhillips Company.  On that same date, after giving effect to the name change,

Conoco merged with and into ConocoPhillips Company.  ConocoPhillips Company is a wholly

owned subsidiary of ConocoPhillips, the ultimate parent company.

ConocoPhillips does business in the United States through its wholly owned subsidiary,

ConocoPhillips Company.  ConocoPhillips Company operates in more than forty (40) countries.  As

1

of December 31, 2004, ConocoPhillips Company had 35,800 employees worldwide.

In its Complaint, filed June 6, 2004, Plaintiff alleges that the Court has jurisdiction of this matter because there is diversity of citizenship among the parties.   *See* 28 U.S.C. § 1332. Specifically, Plaintiff alleges that it is a Delaware corporation with is principal place of business in Houston, Texas, and that Defendant is an Oklahoma corporation with its principal place of business in Oklahoma.

Defendant moves to dismiss stating that the parties are not diverse in their citizenship because Plaintiff cannot show that its principal place of business is in Houston, Texas.

### Standard on Motion to Dismiss

Generally, motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) take two forms:

> First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint.  In addressing a facial attack, the district court must accept the allegations in the complaint as true.  'Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.'  In addressing a factual attack, the court does not 'presume the truthfulness of the complaint's factual allegations,' but 'has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'

*United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)).  The Motion here is of the second form, a factual challenge.  Therefore, the Court will consider evidence beyond the pleadings where necessary.  As granting a motion to dismiss is a harsh remedy, it must be cautiously studied, both to effectuate the spirit of the liberal rules of pleading and to protect the interests of justice.  *See Cottrell, Ltd. v.*

*Biotrol Int'l, Inc.*, 191 F.3d 1248, 1251 (10th Cir. 1999).

## Discussion

Determination of the citizenship of a corporation is governed by 28 U.S.C. § 1332(c)(1): "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The determinative question in this matter is the location of Defendant's principal place of business. When the jurisdiction of the Court is contested under Rule 12(b)(1), the party asserting diversity jurisdiction has the burden of establishing such diversity. *Amoco Rocmount v. Anschutz Corp.*, 7 F.3d 909, 914 (10th Cir. 1993), *cert. denied*, 510 U.S. 1112 (1994).

Courts of appeals have used three tests to determine a corporation's principal place of business: the "nerve center" test, the "corporate activities" test, and the "total activity test. The Tenth Circuit adopted the "total activity" test in *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 915 (10th Cir. 1993), *cert. denied,* 114 S.Ct. 1057 (1994). "[T]he 'total activity' approach 'considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case.'" *Id*. (citing *White v. Halstead Indus., Inc.*, 750 F. Supp. 395, 398 (E.D. Ark. 1990)). In *Amoco*, the Tenth Circuit explained that a court need not definitively establish a corporation's principal place of business, so long as a finding in the negative—that is, that a corporation's principal place of business is not in the forum state—is determinative of the issue. *Amoco*, 7 F.3d at 915-16 & n.3.

Plaintiff has met its burden of proving that its principal place of business is not in Oklahoma. It has shown that the greatest portion of its employees are located in Houston, Texas; that it lists Houston, Texas as its principal place of business in both its Annual Report and in documents filed

3

with the SEC; that all of its executive officers are based in Houston, Texas; that the Annual Meeting of Stockholders is held in Houston, Texas; and, that Plaintiff controls, manages and/or operates the majority of its different departments in Houston, Texas.

Defendant's complaints about the information Plaintiff has failed to provide, such as inadequate information about corporate structure and location of corporate assets are unavailing because, even if provided, such information would not change the determination that Plaintiff's principal place of business in not in Bartlesville, Oklahoma.  Further, the Court finds unavailing as well, Defendant's arguments that, one of two senior vice presidents of Conoco Phillips Company works in the Bartlesville office, a company operated commuter flight makes daily trips between Houston and Bartlesville, and the computer/communications group is located in Bartlesville, supports a finding that Bartlesville is Plaintiff's principal place of business.  The basic and necessary evidence for a showing a  company's principal place of business is not in the forum state has been provided by Defendant.  And, in this case, that evidence is likely sufficient for a determination of the principal place of business as Houston, Texas.

> Where the corporation has its principal place of business is a question of fact to be determined by 'the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations.'  Where a corporation carries on its business in a number of states, no one of which is clearly the state in which its business is principally conducted, the state where a substantial part of its business is transacted and from which centralized general supervision of all of its business is exercised, is the state in which it has its principal place of business.

*Amoco,* 7 F.3d at 915 *citing United Nuclear Corp. v. Moki Oil & Rare Metals Co.*, 364 F.2d 568, 570 (10th Cir. 1966) (internal citations omitted).

**Conclusion**

For the reasons stated herein, Defendant's Motion to Dismiss is DENIED.

SO ORDERED THIS ___10___ day of JANUARY, 2006.

TERENCE KERN
United States District Judge